No. 6870.

# LUDOVIC NASSAN, WIFE OF LOUIS MARTIN v. CLARISSE NASSAN, ET AL.

## Syllabus.

1.  Where defendant claims that a copy served upon him is not a true copy of the original, he must produce the very copy served, and not some other copy, since the presumption is that the copy served was true and correct.

2.  Property sold to effect a partition, must be sold without limit; hence no prior appraisement thereof is necessary, as this would be a vain and useless formality.

3.  In a sale for partition, the presumption is that the Judge ordering the sale, had before him sufficient evidence that the property was not divisible in kind. One who contends the contrary for the purpose of setting aside the sale, should make proof of his contention.

4.  Property held in indivision by the co-heirs of a succession may be sold by the probate court of the place where the succession was opened, even though the property be situated in different parishes.

5.  Where property is sold in one parish (even though situated in another) it must be sold according to the method prescribed by law and custom for sales made in that parish.

6.  There is no law requiring that property sold in one parish shall be advertised in some other parish, even though situated in such other parish.

Appeal from the Civil District Court, No. 112,134, Division "A"; Honorable T. C. W. Ellis, Judge. Affirmed.

S. F. Gautier, for appellee.

Smith, Carmouche and Henriques, for appellant.

207

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a rule on a judgment creditor to show cause why his mortgage should not be referred to the proceeds of a sale to effect a partition.

Defendant in rule excepts that he was not duly served with a true copy of the rule because said copy had certain blanks therein not filled out. But defendant has not produced the copy served upon himself, and the fact that a certain copy on which the sheriff made his return does contain such blanks, is no proof that the same blanks existed in the copy served on defendant. Moreover the blanks in the copy returned by the sheriff appear to us immaterial, as they relate only to affidavits, which were unnecessary, and to other mortgage creditors in whom defendant had no interest. The exceptions were properly overruled.

## II.

Defendant urges that certain transfers of the property between co-heirs were for the express purpose of divesting his mortgage rights. This is answered by the fact that no transfer between co-heirs could have such effect and furthermore by the fact that the transferees in this very rule have recognized his mortgage rights since they ask that his said right be referred to the proceeds of sale.

## III.

It is further contended that the property was sold without appraisement and without expert evidence that the property was divisible in kind.

This is answered by the fact that property sold to effect a partition is sold without limit and hence no appraisement thereof is necessary since this would be a vain and useless thing.

And the presumption is that the trial Judge had suf-
ficient evidence before him to satisfy him that the proper-
ty was not divisible in kind. If defendant claimed the con-
trary he should have shown it, i. e., that the property was
in fact divisible in kind. *Bayhi v. Bayhi*, 35 *An.*, 527
(529).

### IV.

It is further contended that the property should have
been sold in the manner prescribed for the sale of country
property, that is, on a Saturday instead of a Wednesday,
and after due advertisement in the parishes in which some
of the property was situated.

There is no merit in the contention; all the property
was succession property, held in common between the heirs.
Some of it was situated in the city and some in the parishes.
The succession had been opened in this city and the proper
place to seek the partition was in this city. C. P. 1022,
*Maguire v. Fluker*, 112 *La.*, 76 (101).

And since the proper place to sell the property was in
the Parish of Orleans the proper method of sale was that
prescribed by law or custom in this city, and it is not
pretended that this was not done. We know of no law
or jurisprudence, and none has been cited to us, by which
it is required that property which is to be sold in one par-
ish shall also be advertised outside of that parish. (43
*Ann.*, 321; 28 *An.*, 354; 7 *Rob.*, 144; 9 *M.*, 461; 11 *Rob.*, 53.)

The fact of the matter is that defendant in rule if he
wished to protect himself should have been more vigilant,
and not have waited until this time, as he now does, seek-
ing to overturn all that has been done before. To undo
all this would simply be to burden the property with ad-
ditional costs, to the advantage of no one, not even defen-
dant himself. If the succession assets are sufficient to pay

209

the succession debts, and leave a balance for defendants' judgment debtor defendant will get it; otherwise he is in the same position as many other creditors, whose debtor's property will not suffice to discharge their debt. But the proper time to investigate that question is when the proceeds of the sale are to be distributed.

The judgment appealed from is correct.

Opinion and decree, February 19th, 1917.